USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
UNITED STATES OF AMERICA,                        :
:
-v-                                              :
:    1:15-cr-321-GHW
RAMIREZ DEAZA-ALCALA                             :    1:18-cv-07285-GHW
:        ORDER
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

In January 2017, the Court sentenced Defendant Ramirez Deaza-Alcala principally to a term of 132 months following his conviction for conspiracy to distribute and possess with intent to distribute heroin and cocaine. Dkt. No. 297. During the sentencing hearing, the Court described its calculation of the advisory sentencing guidelines range that applied to Mr. Deaza-Alcala's case. Among other things, the Court explained that it was using the November 2016 version of the Sentencing Guidelines to calculate Mr. Deaza-Alcala's advisory sentencing guidelines range. Dkt. No. 320 at 9. The 132 month sentence imposed by the Court represented a 36 month downward variance from the advisory guidelines range calculated by the Court.

On November 4, 2019, Mr. Deaza-Alcala filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. No. 476 (the "Motion"). In his motion, Mr. Deaza-Alcala claims that a sentencing reduction is warranted as a result of Amendment 782 to the Sentencing Guidelines. Mr. Deaza-Alcala argues that the amendment "provides for the retroactive application of Amendment 782 . . . ." Motion at 1. Mr. Deaza-Alcala's motion states that "Amendment 782 was passed on April 1, 2014 and determined to be retroactive by unanimous vote on July 18, 2014." Motion at 2.

Section 3582 prohibits the modification of a term of imprisonment once it has been imposed, subject to specified exceptions. One of those exceptions is set forth in Section 3582(c)(2),

which "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" permits a court to reduce the defendant's sentence, among other things, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Mr. Deaza-Alcala's requested sentence reduction must be denied. Amendment 782 took effect on November 1, 2014—more than two years prior to the date of Mr. Deaza-Alcala's sentencing. Its effect was incorporated into the November 2016 Sentencing Guidelines used by the Court to calculate his sentence. Therefore, Amendment 782 has no retroactive effect on his sentencing; Amendment 782 pre-dated his 2017 sentencing.

Mr. Deaza-Alcala also requests a reduction in his sentence because of his acceptance of responsibility, and his reported positive use of his time in prison. He also reports that his family supports him. Motion at 4. But none of the facts presented by Mr. Deaza-Alcala in his motion are sufficient to support a modification of his sentence, which, as described above, represented a downward variance of 36 months from the advisory sentencing guidelines range.

Accordingly, Mr. Deaza-Alcala's request for a reduction in his sentence is DENIED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at docket number 476, and to mail a copy of this order to Mr. Deaza-Alcala by first class and certified mail.

SO ORDERED.

Dated: March 4, 2020
New York, New York

GREGORY H. WOODS
United States District Judge